UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:11CV-P83-M

GARY SWAN                                                        PETITIONER

v.

JAILER RON HERRINGTON                                           RESPONDENT

<u>MEMORANDUM OPINION</u>

Petitioner Gary Swan, acting without the assistance of counsel, filed a petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2241.  He is currently a state pretrial detainee scheduled

to be retried after the Kentucky Supreme Court reversed his prior sentence and conviction.  He

argues that the retrial in Henderson Circuit Court will violate his right to be protected from

double jeopardy.  As such, he maintains that his current confinement is unlawful.

Title 28 of United States Code § 2241 "applies to persons in custody regardless of

whether final judgment has been rendered and regardless of the present status of the case

pending against [the petitioner.]"  *Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981).  To

warrant relief under § 2241, Petitioner is required to exhaust his state remedies prior to bringing

such an action.  *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 488, 493(1973).

"[T]he doctrine of exhaustion of state remedies has developed to protect the state courts'

opportunity to confront initially and resolve constitutional issues arising within their

jurisdictions and to limit federal judicial interference in state adjudicatory processes."  *Atkins*,

644 F.2d at 546; *see also Rose v. Lundy*, 455 U.S. 509, 518 (1982).  "A rigorously enforced total

exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus

giving those courts the first opportunity to review all claims of constitutional error."  *Rose*, 455

U.S. at 518-19.  Unless unusual or exceptional circumstances make it appropriate to reach the merits of a claim not first exhausted in the state court, the habeas petition should be dismissed. *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *O'Guinn v. Dutton*, 88 F.3d 1409, 1413 (6th Cir. 1996) (en banc).  The burden is on Petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner explicitly states in his petition that "double jeopardy has not been raised in state court."  Before this Court can consider Petitioner's habeas challenge, he must give the state court an opportunity to rule on it.  If the state trial court rejects Petitioner's claim, he must invoke "one full round" of the state's appellate review process.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Until he has done so or presented this Court with other exceptional circumstances, the Court cannot properly review his claim.

Accordingly, by separate Order, the Court will deny Petitioner's request for a writ of habeas corpus.

## Certificate of Appealability

In the event that Petitioner appeals this Court's decision, he is required to obtain a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).  A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate.  *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court dismisses a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  *Id.* at 484.  In such a case, no appeal is warranted.  *Id.*  This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable.  Thus, no certificate of appealability is warranted in this case.

Date:

cc:      Petitioner, *pro se*
        Respondent
        Kentucky Office of the Attorney General
        Clerk, Henderson Circuit Court

4414.008